**Merna K. JACOBSON, Petitioner,**

v.

**DEPARTMENT OF AGRICULTURE and United States of America, Respondents.**

No. 03–1157.

United States Court of Appeals, District of Columbia Circuit.

June 1, 2004.

Rehearing Denied Aug. 5, 2004.

Kevin Patrick Claffey, Paul T. Gentile, Gentile & Dickler, New York, NY, for Petitioner.

James Michael Kelly, Associate General Counsel, Stephen M. Reilly, Attorney, Margaret Marie Breinholt, Counsel, U.S. Department of Agriculture, Washington, DC, for Respondent.

Before GINSBURG, Chief Judge, and SENTELLE and ROBERTS, Circuit Judges.

***JUDGMENT***

This petition for review of an order of the Department of Agriculture was consid-

ered on the briefs and appendix filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED** and **ADJUDGED** that the petition for review be denied for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### *MEMORANDUM*

Under the Perishable Agricultural Commodities Act (PACA), the Secretary of Agriculture may suspend or revoke the required license of any commission merchant, dealer, or broker who employs "any person who is or has been *responsibly connected*" with a licensee found to have committed "any flagrant and repeated violation of section 499b." 7 U.S.C. § 499h(b)(2) (emphasis added). That section makes it unlawful for covered entities to, *inter alia,* "fail ... [to] make full payment promptly" for perishable agricultural commodities. *Id.* § 499b(4). The statute creates a presumption that a person who holds more than 10 percent of the outstanding stock of a PACA violator is "responsibly connected," but also allows a person to rebut that presumption: "A person shall not be deemed to be responsibly connected if the person demonstrates by a preponderance of the evidence that the person was *not actively involved in the activities resulting in a violation* ... and that the person either was only nominally a partner, officer, director, or shareholder of a violating licensee...." *Id.* § 499a(b)(9) (emphasis added).

In response to our decision in *Norinsberg v. United States Dep't of Agriculture,* 162 F.3d 1194, 1200 (D.C.Cir.1998), the Secretary has articulated the standard for "not actively involved," requiring a petitioner to "demonstrate[ ] by a preponderance of the evidence that his or her participation [in activities resulting in a PACA violation] was limited to the performance of ministerial functions only." *In re Norinsberg,* 58 Agric. Dec. 604, 610–11 (1999). "Ministerial" has been further defined as "not exercis[ing] judgment, discretion, or control with respect to the activities that resulted in a violation of the PACA." *Id.* at 611.

From June 1999 through January 2000, Jacobson Produce failed to make full payment promptly for perishable agricultural commodities, resulting in a violation of 7 U.S.C. § 499b(4). During that period, Mrs. Jacobson was manager of the Jacobson Produce frozen food department. Agriculture determined that she was "responsibly connected" because she owned 11.95 percent of Jacobson Produce's outstanding stock. Mrs. Jacobson seeks to carry her burden of rebutting the presumption triggered by that ownership by arguing that she was not actively involved in activities resulting in a violation—her actions involved only placing orders to *buy* produce, while it is *not paying* for the produce that gives rise to a PACA violation.

Substantial evidence, however, supports the Judicial Officer's determination that Mrs. Jacobson knew or should have known, when she placed orders for produce, that Jacobson Produce was not meeting its obligations to produce sellers. *In re Janet S. Orloff* et al., Decision and Order as to Merna K. Jacobson, Docket No. 01–0002, at 21 (Jan. 7, 2003); *see Veg-Mix, Inc. v. United States Dep't of Agriculture,* 832 F.2d 601, 612 (D.C.Cir.1987). The question thus becomes whether it is reasonable for the agency to conclude that

an individual who places orders for produce, with the knowledge that the buyer is having or will have difficulties paying for the produce, has not carried the burden of showing she was not actively involved in activities resulting in the subsequent failure to make full payment promptly. Under *Chevron U.S.A. Inc. v. Natural Res. Def. Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), we cannot say that such a reading of the statute is unreasonable.